**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) OHIO SECURITY INSURANCE COMPANY, and<br>2) THE OHIO CASUALTY INSURANCE COMPANY<br><br>        Plaintiffs,<br><br>v.<br><br>3) B&B HEAT & AIR, INC., and<br>4) ANN KINSER,<br><br>        Defendants. | Case No. 21-cv-009-CVE-JFJ |

## COMPLAINT

Plaintiffs, Ohio Security Insurance Company ("Ohio Security") and The Ohio Casualty Insurance Company ("Ohio Casualty"), for their Complaint for declaratory relief against Defendants, B&B Heating & Air, Inc. ("B&B"), and Ann Kinser, allege and state as follows.

1.      Ohio Security is a corporation organized under the law of the state of New Hampshire, with its principal place of business in Massachusetts.

2.      Ohio Casualty is a corporation organized under the law of the state of New Hampshire, with its principal place of business in Massachusetts.

3.      Defendant, B&B, is an Oklahoma Corporation, with its principal place of business in Delaware County, Oklahoma.

4.      Defendant, Ann Kinser, is currently a resident of Cherokee County, Oklahoma. During the time frame when certain incidents occurred which gave rise to the insurance-related controversy at issue, which created the need for this declaratory judgment action, she owned a home in Delaware County, Oklahoma, where those incidents occurred.

5. Ohio Security issued a Commercial Package Policy to B&B, numbered BKA (18) 56 73 81 22, effective from June 16, 2017 to June 16, 2018 ("Policy," attached as Exhibit 1).

6. Ohio Casualty issued a Commercial Umbrella Policy to B&B, numbered USO (18) 56 73 81 22, effective from June 16, 2017 to June 16, 2018 ("Umbrella Policy," attached as Exhibit 2).

7. In April 2018, B&B installed a heating, ventilation and air conditioning ("HVAC") system in Defendant Kinser's attic.

8. Issues arose with regard to the installation and the HVAC system, which were ultimately not resolved to Ms. Kinser's satisfaction: in April 2020, Defendant Kinser sued B&B, in the District Court in and for Delaware County, Oklahoma, under Case Number CJ-2020-70 ("Underlying Litigation"). The Petition commencing the Underlying Litigation is attached as Exhibit 3.

9. In the Underlying Litigation, it is alleged that the installation of the HVAC system was negligent, which allegedly resulted in the HVAC system pulling poisonous pieces of fiberglass from the attic, which were dispersed through Defendant Kinser's home, allegedly causing bodily injury and property damage.

10. In connection with Ms. Kinser's claims related to the HVAC installation and the Underlying Litigation, B&B sought coverage under the Policy and Umbrella Policy.

11. Plaintiffs denied coverage for the claims in the Underlying Litigation under the Policy and Umbrella Policy, by letter of December 7, 2020. Accordingly, an actual controversy exists between B&B and Plaintiffs based on the coverage denial.

12. Defendant Kinser has a significant interest in the outcome of the coverage dispute between Plaintiffs and B&B, and without her presence in this lawsuit, Plaintiffs face the risk of

multiple or inconsistent liability regarding coverage for the injuries alleged in the Underlying Litigation, which creates an actual controversy between Ms. Kinser and Plaintiffs.

13. Under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., based on an actual controversy between the parties, created by Plaintiffs' denial of the claims for coverage under the Policy and the Umbrella Policy, Plaintiffs seek a declaration of the rights and legal obligations of the parties arising from the Underlying Litigation and the claims for coverage under the Policy and Umbrella Policy.

14. Although Plaintiffs deny Defendants are entitled to any indemnity or defense or any other obligations under the Policy and Umbrella Policy, more than $75,000, exclusive of interest, fees and costs, is at issue in this case.

15. Accordingly, based on the foregoing, this Court has jurisdiction over the parties to and the subject matter of this litigation, under 28 U.S.C. § 1332.

16. A substantial part of the events giving rise to this controversy occurred within this judicial district. Accordingly, venue is properly laid in this Court, under 28 U.S.C. § 1391.

## **THE POLICY AND UMBRELLA POLICY POLLUTION EXCLUSIONS**

17. Plaintiffs adopt and incorporate the foregoing allegations made in paragraphs 1-16 as is fully restated here.

18. The Petition in the Underlying Case alleges that as a result of B&B's negligence in installing the HVAC unit, "anytime the unit was turned on, the HVAC system would pull small, poisonous, fibrous pieces of fiberglass installation from the attic and distribute it through plaintiff's home," and the dispersal of the poisonous fiberglass allegedly caused bodily injury and property damage.

19. Among the many exclusions in the Policy which preclude coverage for the claims alleged in the Underlying Litigation, the Policy contains a conspicuous total pollution exclusion endorsement, which precludes any Policy coverage for bodily injury or property damages which would not have occurred in whole or in part but for the dispersal of pollutants, a broadly defined term, including solid irritants or contaminants.

20. Among the many exclusions in the Umbrella Policy which preclude coverage for the claims alleged in the Underlying Litigation, the Umbrella Policy contains a conspicuous pollution exclusion endorsement, which precludes any Umbrella Policy coverage for bodily injury or property damage which would not have occurred in whole or in part but for the dispersal of pollutants, and which expressly does not provide any coverage beyond that coverage afforded by the Policy.

## **CLAIM FOR DECLARATORY RELIEF AGAINST B&B**

21. Plaintiffs adopt and incorporate the foregoing allegations made in paragraphs 1-20 as if fully restated here.

22. Based on the foregoing, Plaintiffs assert that as a matter of law, neither the Policy nor the Umbrella Policy provide B&B with any coverage for any claim asserted against it in the Petition in the Underlying Litigation.

23. Because neither the Policy nor the Umbrella Policy provide any coverage for any claim asserted against B&B in the Underlying Litigation, Plaintiffs are entitled to declaratory relief in this Court.

24. Specifically, Plaintiffs are entitled to a declaration of this Court that as a matter of law, there is no coverage provided by either the Policy or the Umbrella Policy for any claim asserted against B&B in the Underlying Litigation.

25. Further, Plaintiffs are entitled to a declaration of this Court that as a matter of law, Plaintiffs have no indemnity obligation to B&B, under either the Policy or the Umbrella Policy, arising from any claim asserted against B&B in the Underlying Litigation.

26. Moreover, Plaintiffs are entitled to a declaration of this Court that as a matter of law, Plaintiffs have no obligation to B&B, under either the Policy or the Umbrella Policy, to provide B&B with a defense against any claim asserted against B&B in the Underlying Litigation.

### CLAIM FOR DECLARATORY RELIEF AGAINST KINSER

27. Plaintiffs adopt and incorporate the foregoing allegations made in paragraphs 1-26 as if fully restated here.

28. Based on the foregoing, and the lack of coverage for B&B for any claim asserted against it in the Petition in the Underlying Litigation, Plaintiffs assert that as a matter of law, Plaintiffs have no obligation to Ms. Kinser under either the Policy or the Underlying Policy, and Plaintiffs will never have any such obligation, without regard to the results of the Underlying Litigation.

29. As Ms. Kinser is a stranger to both the Policy and the Umbrella Policy, Plaintiffs have no current obligations to Ms. Kinser under either the Policy or the Umbrella Policy.  To the extent Ms. Kinser obtains a judgment against B&B in the Underlying Litigation, she may seek to collect that judgment by garnishing the Policy and/or the Umbrella Policy; should Ms. Kinser do so, she would have no greater rights under either the Policy or the Umbrella Policy than would B&B.

30. Accordingly, Plaintiffs seek a declaration that Ms. Kinser is bound by any coverage determination rendered herein that there is no coverage for B&B under either the Policy or the Umbrella Policy for the claims made in the Underlying Litigation.

**WHEREFORE**, Plaintiffs pray that this Court issue a judgment declaring that neither the Policy nor the Umbrella Policy provides any coverage for any claim asserted against B&B in the Underlying Litigation.  Plaintiffs further pray that this Court declare that Plaintiffs owe B&B no obligation, under either the Policy or the Umbrella Policy, to provide a defense to B&B against any claim asserted against B&B in the Underlying Litigation.  Plaintiffs further pray that this Court declare that Plaintiffs owe B&B no obligation, under either the Policy or the Umbrella Policy, to indemnify B&B for claim asserted against B&B in the Underlying Litigation.  Plaintiffs further pray that this Court declare Ms. Kinser is bound by any coverage determination herein that there is no coverage for B&B under either the Policy or Umbrella Policy for the claims made in the Underlying Litigation.  Plaintiffs further pray for an award of their fees and costs incurred in prosecuting this declaratory judgment action, and such other and further relief this Court deems just and proper.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/William W. O'Connor*
William W. O'Connor, OBA No. 13200
Robert P. Fitz-Patrick, OBA No. 14713
Margo E. Shipley, OBA No. 32118
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
boconnor@hallestill.com
rfitzpatrick@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR PLAINTIFFS, OHIO SECURITY INSURANCE COMPANY, and THE OHIO CASUALTY INSURANCE COMPANY**

4723064.1:003439:00125